IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kenneth Jerome Roach, | ) | Civil Action No.:2:13-00443-DCN-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Warden of Kershaw Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court upon two motions: (a) Respondent's Motion for Summary Judgment (Dkt. No. 20; see also Dkt. No. 21), and (b) Petitioner's Motion for Summary Judgment (Dkt. No. 29).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about February 13, 2013. (See Dkt. No. 1-2; Dkt. No. 1-3.) On June 14, 2013, the Respondent moved for summary judgment. (Dkt. No. 20; see also Dkt. No. 21.) By order filed June 17, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 22.) Petitioner filed his Response in Opposition on or about August 22, 2013. (Dkt. No. 29.) At the same time he filed his Response in Opposition to Respondent's Motion for Summary Judgment, Petitioner filed his own Motion for Summary Judgment. (See Dkt. No. 29.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In January of 2002, Petitioner was indicted by the York County Grand Jury for Possession of Crack Cocaine With Intent to Distribute (2002-GS-46-0178); Possession of Crack Cocaine With Intent to Distribute Within Proximity of a Public School or Educational Center (2002-GS-46-0179); Distribution of Crack Cocaine Within Proximity of a Public School or Educational Center (2002-GS-46-0531); and Distribution of Crack Cocaine (2002-GS-46-0532). (R. at 425-32; see also R. at 402-03.) Then, in March of 2002, the York County Grand Jury indicted Petitioner for Distribution of Crack Cocaine (2002-GS-46-0776). (R. at 433-34.) Derek S. Chiarenza, Esquire, represented Petitioner on these charges. (See R. at 403; R. at 1.)

A jury trial was held on April 16-17 of 2002, before the Honorable John C. Hayes, III. (See R. at 1-300.) On April 17, 2002, the jury convicted Petitioner as charged. (R. at 291-92.) Judge Hayes sentenced Petitioner to thirty years for Possession of Crack Cocaine With Intent to Distribute, fifteen years for Possession of Crack Cocaine With Intent to Distribute Within Proximity to a School, fifteen years for Distribution of Crack Cocaine Within Proximity to a School, and thirty years for both counts of Distribution of Crack Cocaine; all sentences were set to run concurrently. (R. at 298-99; see also R. at 403.)

Petitioner appealed and was represented by Daniel T. Stacey, Esquire, of the South Carolina Office of Appellate Defense. (See Dkt. No. 21-4.) In an Anders[1] brief filed on January 12, 2004, Petitioner raised the following issues:

1. Whether the court erred in its charge on circumstantial evidence?

2. Whether the court erred when it permitted evidence that third parties were coming to appellant's home to purchase crack?

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

(Dkt. No. 21-4 at 4 of 14.) Mr. Stacey also filed a petition to be relieved as counsel. (Id. at 12 of 14.) Petitioner filed a *pro se* response to the <u>Anders</u> brief wherein he raised the following issues:

> 1. Did the trial court deny the appellant due process of law for failure to supplement affidavit with oral testimony to support probable cause for search warrant?

> 2. Did the trial [court] err in allowing the introduction of evidence allegedly seized during the search of a residence?

> 3. Did the trial [court] err in allowing the in-court identification of appellant as the person that allegedly sold illegal drugs to a confidential informant?

> 4. Did the trial court lack subject matter jurisdiction to enter a conviction or impose sentence for "distribution of crack cocaine" in connection with Mattie Roseboro because of a material variance between the allegations in the indictment and the proof produced at trial?

(Dkt. No. 21-5.)

In an Order signed April 29, 2004, the South Carolina Court of Appeals ordered briefing on two issues:

> 1) Whether the trial court erred in admitting evidence, in violation of the Confrontation Clause, regarding third parties going to Appellant's home purportedly to purchase drugs while a search warrant was being executed; and

> 2) Whether the trial court erred in admitting the informant's in-court identification of Appellant following a photographic lineup consisting only of one photograph, coupled with the court's refusal to determine the reliability of the photographic identification.

(Dkt. No. 21-6.) In a published opinion filed on April 18, 2005, the South Carolina Court of Appeals affirmed the Petitioner's convictions and sentences. (Dkt. No. 21-9.) Both parties filed petitions for rehearing (Dkt. No. 21-10); in an order dated June 22, 2005, the South Carolina Court of Appeals denied those petitions (Dkt. No. 21-11.)

Both parties then filed petitions for writ of certiorari. (Dkt. No. 21-12; Dkt. No. 21-13.) In an order dated December 7, 2006, the Supreme Court of South Carolina granted the

3

State's petition and denied the Petitioner's petition. (Dkt. No. 21-15.) On March 10, 2008, the Supreme Court of South Carolina issued its order affirming in part and vacating in part the Court of Appeals' order. See State v. Roach, 377 S.C. 2, 659 S.E.2d 107 (2008). The remittitur was issued on March 26, 2008. (Dkt. No. 21-20.)

On or about February 18, 2009, Petitioner filed an application for post-conviction relief ("PCR"). (R. at 301-14.) Petitioner raised the following claims in that application:

> 1. Applicant was denied effective assistance of appellate counsel by counsel's failure to raise and argue the trial court's denial of motion to suppress drugs obtained upon defective search-warrant affidavit.

> 2. Applicant was denied the right to effective assistance of trial counsel by counsel's failure to object to "hearsay testimony" to preserve it for appellate review.

> 3. Applicant was denied right to effective assistance of trial counsel by counsel's failure to object to admission of co-defendant's testimony concerning a prior drug sale.

> 4. Applicant was denied the right to effective assistance of trial counsel by counsel's failure to raise and argue the defense of entrapment.

> 5. Applicant was denied the right to effective assistance of trial counsel by counsel's failure to object to improper closing argument by the prosecution.

(See R. at 309-13.) An evidentiary hearing was held in this PCR action on February 5, 2010, before the Honorable Brooks P. Goldsmith. (R. at 321-401.) Petitioner was present and represented by Leah Moody, Esquire. (See R. at 321.) In an order dated March 24, 2010, Judge Goldsmith denied the application for post-conviction relief and dismissed the petition. (R. at 402-24.)

On November 1, 2010, Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense, filed a Johnson Petition for Writ of Certiorari. (Dkt. No. 21-21.) Therein, Petitioner raised the following issue: "Whether defense counsel was ineffective in failing to object to Officer Graham's hearsay testimony at petitioner's trial?"

4

(Dkt. No. 21-21 at 3 of 9.) Mr. Pachak also filed a petition to be relieved as counsel. (Id. at

8 of 9.) Petitioner filed a *pro se* brief wherein he raised the following issues:

> Whether defense counsel was ineffective for failing to object to Officer Graham's hearsay testimony?

> Whether appellate counsel was ineffective for failing to raise and argue the issue of the state's defective search warrant?

> Whether defense counsel was ineffective for failing to raise and argue the defense of entrapment?

> Whether defense counsel was ineffective for failing to object to solicitor's closing argument that appealed to the passion and prejudice of the jury?

> Whether defense counsel was ineffective in failing to object to codefendant's testimony about prior drug sale?

(Dkt. No. 21-23.)

In an order filed January 25, 2013, the South Carolina Court of Appeals entered an

order denying the petition for writ of certiorari, and granting counsel's request to be relieved.

(Dkt. No. 21-24.) The matter was remitted to the lower court on February 11, 2013. (Dkt.

No. 21-25.)

On or about February 13, 2013, Petitioner then filed the instant habeas petition,

wherein he raises the following grounds for review (verbatim):

> **Ground One**: State v. Roach, 364 S.C. 472, 613 S.E.2d 791 (2006) How can hearsay testimony be harmless when it was used to enhance a drug charge (Trial Transcript p. 219 line 9-18 and p. 250 line 13-16) and also the hearsay was prejudicial by nature and affected other charges being heard.
> **Supporting Facts**: The police found .08 grams in my house. I was charged with P.W.I.D. the only grounds presented for this charge was the "hearsay" testimony (Trial Transcript p. 219 line 9-25 and p. 220 line 1-12). I had other charges which were affected by me being labeled as a drug dealer by people unknown, each charge was based on circumstantial evidence and could not stand in a trial against me on their own, for lack of evidence. All of this on one hand, but on the other hand "The court found that the trial court erred in allowing this testimony into evidence but held that admitting this hearsay testimony was harmless error in light of other overwhelming evidence." (P.C.R. Transcript p. 415 line 7) This is what I presented in my P.C.R. hearing

5

and the court failed to answer. (Note: Order of dismissal and my lawyer refused to write a 59(e) motion on the subject . . . ) . . . .

**Ground Two**: The Court failed to follow due process of law with respect to Chain of Custody, and Drug Analysis for the charge of Distribution to Mattie Roseboro.

**Supporting Facts**: Ms. Roseboro, was charged with what she had on her hands from cutting up drugs when she was stopped in her car. (Trial Transcript p. 155 line 1-5 and p. 248 line 2-7) (Note: Ms. Roseboro, never stated that I gave her drugs to cut, also the weight was under .01 and was never tested because all evidence would disappear (Trial Transcript p. 233 line 21-25 and p. 234 line 1-7). I was charged with what Ms. Roseboro states she bought (Trial Transcript P. 155 line 7-17 and p. 248 line 8-10) Where is the evidence? This is part of the Court's overwhelming evidence. I raised this at my P.C.R. hearing, but the court never answered (Note: Order of dismissal and my lawyer refused to write a 59(e) on the subject). My case was based on circumstantial evidence, a propondence [sic] of charges and no actual drugs to support charges. (Note: this charge was added several months later.)

**Ground Three**: Whether trial court erred by failing to suppress evidence of a search warrant that was issued from an invalid affidavit that contained blatant allegations, when the Honorable Magistrate who issued the search warrant testified that if the affiant had not sworn to the spoken words typed in the body of the affidavit he would not have issued the search warrant?

**Ground Four**: Did police officers violate my fourth amendment rights while conducting a search and was I entitled to "Entrapment," for the violation.

**Supporting Facts**: Police, entered my house with a search warrant (see search warrant attachment), and found .08g of cocaine. They then brought in imitation crack in my house for a "sting operation" which wasn't on the search warrant. The police testified about this which was "hearsay" (Trial Transcript ROA p. 217 line 1-24, ROA p. 225 line 3-25). The Solicitor used this to enhance my charge from simple possession to P.I.W.D. (Trial Transcript p. 219 line 9-18). These two actions together formed "Entrapment." The Solicitor tried to cover up the police actions (P.C.R. Transcript p. 356 line 11-25 and p. 357 line 1-8). My Trial lawyer tried to justify not raising it by using "predisposition." My prior record was only simple possession, the amount of drugs was very small, no scales, razor, or other stuff was found to support "predisposition" claim. Don't I have my 4th amendment right and I'm innocent until proven guilty. My trial lawyer stated in my P.C.R. hearing, "The defense of "Entrapment" is difficult to maintain in South Carolina and that the elements necessary to establish "Entrapment" were not present in the applicant's case. He also Stated "Applicant would have had to admit to committing the offenses, but that he would not have done so had it not been for a push from Law Enforcement." What happens when you are in the wrong

6

place at the wrong time and someone else is doing something wrong, you are trapped because of your environment. The police took control of my house outside of the search warrant and I could stop them, I was made guilty by association.

**Ground Five**: State v. Roach 613 S.E.2d 791 (op. No. 3978) SC Ct. App. Filed April 18, 2005. The Trial court erred in admitting the informants in-court identification of Appellant following a photographic line-up consisting of only one photograph, coupled with the court's refusal to determine the reliability of the photographic identification.

**Supporting Facts**: The procedure of shoring the informant a "Single photograph" of Appellant "before" he was sent to allegedly purchase drugs was inherently suggestive and prejudicial, in an of itself. The Court of Appeal never looked at the video were the informant is talking to someone other than Roach (Trial Transcript p. 122 line 21-24). The police forgot to mark there money or the fact that the informant was buying drugs and using drugs from different people at the house. The Court of Appeal ruled on what they felt was right but not based on facts of case. The Trial Court Judge refused to rule, who knows what was on his mind. There is nothing in the transcript to indicate what he was thinking at the time . . . Due Process requires the trial judge be required to exercise his discretion and comply with the mandate of the U.S. Supreme Court. I was entitled to force the state to prove there case beyond a reasonable doubt. The police and afterward the court chose methods which would ensure unfair identification, furthermore the police never entered the photograph into evidence which is a Brady Violation.

**Ground Six**: I was denied a fair hearing in South Carolina by perjurious ruling in Court and by appellant attorneys's conflict of interest (refuse to file any issue against the police or court like a 59(e) motion.

(Dkt. No. 1-1.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597

F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

I. Respondent's Motion for Summary Judgment

Respondent moved for summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 20; Dkt. No. 21.) The undersigned will address Petitioner's grounds in turn.

**A.    Ground One**

In Ground One of his Petition, Petitioner cites the opinion of the South Carolina Court of Appeals, State v. Roach, 364 S.C. 422, 613 S.E.2d 791 (Ct. App. 2005), and asserts that the admission of hearsay testimony was not harmless because "it was used to enhance a drug charge," was "prejudicial in nature," and "affected other charges being heard." (Dkt. No. 1-1 at 2 of 60.) Petitioner asserts that because the police "found .08 grams in [his] house," the "only grounds presented" for the charge of possession with intent to distribute "was the 'hearsay' testimony." (Id.) Petitioner also states, "This is what I presented in my P.C.R. hearing and the court failed to answer. (Note: Order of dismissal and my lawyer refused to write a 59(e) motion on the subject . . . ) . . . ." (Id.)

In the Motion for Summary Judgment, Respondent contends that Ground One is procedurally barred and that, in any event, it is not cognizable on federal habeas review. (See Dkt. No. 21 at 32-33.) Respondent further asserts that Petitioner's "claim against the Court of Appeals finding of harmless error has no merit and is moot" because the South Carolina Supreme Court "reversed and vacated this part of the Court of Appeals opinion finding this issue should not have been addressed at all because it was not preserved for appellate review." (Id. at 54.) Respondent also asserts that the claim is without merit.

Petitioner appears to be raising several different claims within Ground One. The undersigned will first address Petitioner's contention that the trial court erred in "admi[tting] hearsay testimony." (Dkt. No. 1-1.) As a preliminary matter, the undersigned notes that it is not the province of a federal habeas court to reexamine state-court determinations on

9

state law questions. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also 28 U.S.C. § 2254(a). "[I]n considering federal habeas corpus issues involving state evidentiary rulings, [federal courts] 'do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.'" Barbe v. McBride, 521 F.3d 443, 452 (4th Cir. 2008) (quoting Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000)). "'It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented.'" Id. (quoting Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993)).

It appears that Petitioner contends the trial court's admission of this hearsay testimony violated the Confrontation Clause; Petitioner asserts he "had other charges which were affected by [him] being labeled as a drug dealer by people unknown." (Dkt. No. 1-1 at 2 of 60.) Petitioner's problem with this claim is that the Supreme Court of South Carolina declined to address the issue because it was not preserved for appellate review. In State v. Roach, 377 S.C. 2, 659 S.E.2d 107 (2008), the Supreme Court of South Carolina vacated the portion of the Court of Appeals' opinion that addressed the hearsay issue because, at oral argument, "Roach's counsel admitted that the State was correct in asserting that the hearsay issue was not properly preserved for appellate review." Roach, 377 S.C. 2, 659 S.E.2d 107.

As explained in McNeil v. Polk, 476 F.3d 206 (4th Cir. 2007),

> The doctrine of procedural default provides that "a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule." Burket v. Angelone, 208 F.3d 172, 183 (4th Cir.2000). A state procedural rule is adequate if it is regularly or consistently applied by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587, 108 S.Ct. 1981, 100

10

L.Ed.2d 575 (1988), and it is independent if it does not depend on a federal constitutional ruling, <u>Ake v. Oklahoma</u>, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

<u>McNeil</u>, 476 F.3d at 211.

Because the claim that the trial court erred in admitting this testimony was not preserved for appellate review, federal habeas review is precluded "unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Lawrence v. Branker</u>, 517 F.3d 700, 714 (4th Cir. 2008) (quoting <u>McCarver v. Lee</u>, 221 F.3d 583, 588 (4th Cir. 2000)); <u>see also Coleman</u>, 501 U.S. at 750.[2]

In a relatively recent opinion, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1315 (2012). However, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." <u>Martinez</u>, 132 S. Ct. at 1318 (citing <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003)); <u>see also Trevino v. Thaler</u>, 133 S. Ct. 1911, 1918 (2013). If the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support," the procedural default precludes federal habeas review. <u>Martinez</u>, 132 S. Ct. at 1319.

_____

[2]In the alternative for showing cause and prejudice, a petitioner must demonstrate a miscarriage of justice, e.g., actual innocence. <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998). Petitioner has not shown that he is actually innocent of the at-issue crimes. <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).

Of course, Petitioner's ground for relief–at least as set forth in the petition–is not the same ground at issue in Martinez. Petitioner herein claims that the trial court erred in admitting certain testimony, whereas the Petitioner in Martinez sought to advance a claim of ineffective assistance of trial counsel. Assuming–without deciding[3]–that Martinez applies to a claim of trial court error, Petitioner is still entitled to no relief, as he has not shown that PCR counsel was ineffective. PCR counsel's failure to raise a trial court error does not amount to ineffective assistance of PCR counsel, as "[a]llegations of trial court error are not cognizable on PCR." Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001). Instead, "[i]n PCR cases, a defendant asserting a constitutional violation must frame the issue as one of ineffective assistance of counsel." Id. at 20, 546 S.E.2d at 419. And in the instant case, PCR counsel *did* raise the claim that trial counsel was ineffective for failing to object to "hearsay testimony," and the PCR judge addressed that claim. (See Dkt. No. 21-3 at 98-101 of 120.) Petitioner is therefore not entitled to relief on his claim that the trial court erred in "admitting this hearsay testimony." (See Dkt. No. 1-1.)

Although Petitioner has not clearly raised the claim that trial counsel was ineffective for failing to object to the officer's testimony, the undersigned addresses that claim herein out of an abundance of caution. Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance

---

[3] See Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) ("Because Gore's claim is not procedurally barred and it does not raise an allegation of ineffective assistance of trial counsel, *Martinez* by its own terms does not, and cannot, excuse his failure to satisfy the exhaustion requirement of § 2254(b)."); Hodges v. Colson, 727 F.3d 517, 531 (6th Cir. 2013) ("Under *Martinez*'s unambiguous holding our previous understanding of *Coleman* in this regard is still the law—ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel."); see also Johnson v. Warden of Broad River Corr. Inst., No. 12-7270, 2013 WL 856731 (4th Cir. Mar. 8, 2013) ("[B]ecause Johnson alleges only ineffective assistance of *appellate* postconviction counsel, his allegations do not constitute cause for his failure to exhaust under the limited exception in *Martinez*. Instead, his claims fall under the general *Coleman* rule that ineffective assistance of postconviction counsel cannot constitute cause for procedural default.").

prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788.

The PCR court addressed this claim of ineffective assistance as follows:

> The Applicant testified that trial counsel objected to some evidence presented during his trial, but that he missed certain other objections. The Applicant testified that an officer attempted to sell imitation crack outside of his house, and that he was charged with possession with intent to distribute as a result. He testified that there was nothing in his house to distribute, because he was not a drug dealer, and that the drugs he had were for his own use so he was only guilty of possession if anything. The Applicant testified that he told trial counsel about this, that he did not sell drugs and was only a drug user.
> The Applicant conceded that trial counsel did object to the affidavit used to obtain the search warrant for his house, but contended that trial counsel did not object to other information about what the officers did outside

his house. The Applicant testified that the State used hearsay against him when the officer testified about selling imitation crack to people outside his house, and that trial counsel did not object to this hearsay. He stated this testimony hurt him because he was not a drug dealer. The Applicant stated that the appellate court found his trial counsel failed to object to the officer's testimony about selling drugs outside of the Applicant's house. However, the Applicant also admitted that the appellate court still addressed the merits of this issue and ruled that the admission of this hearsay testimony as evidence at his trial was "harmless."

The Applicant then acknowledged that trial counsel objected during an in-camera hearing to testimony from the officer about standing outside of the Applicant's front door selling imitation crack to people who came to the Applicant's house to buy drugs. The Applicant conceded that after trial counsel objected to this testimony during the in-camera hearing, the trial court overruled counsel's objection. However, the Applicant maintained that trial counsel did not properly object to the hearsay testimony, and again referred to the Appellate Court's ruling that the issue was not preserved for appellate review because of trial counsel's failure to object.

Trial counsel testified that he was concerned about Officer Graham's testimony because he was concerned about what the officer's testimony was going to be. Counsel testified that before Graham took the stand, he requested that the admissibility of Graham's testimony be addressed outside the presence of the jury. He stated that the trial court had an in-camera hearing to determine what Graham would testify to and whether it would be admissible in front of the jury. Counsel explained that, during the in-camera hearing, Graham testified that he stood outside the Applicant's door in plain clothes, undercover, and there were a number of people coming to the Applicant's door wanting to buy crack and handing him money. Counsel testified that he objected to this testimony and argued his objection to the trial court judge during the in-camera hearing, but the trial court judge overruled his objection. Counsel stated that Graham never left the witness stand, the jury came back in, and Graham testified right after the in-camera hearing.

Counsel testified that Graham did not testify as to what anyone said, but that he testified about what people did when they approached him. Counsel explained that he did not renew his objection because he just previously objected and was just previously overruled, and because the witness never left the witness stand. He stated further there was no break or recess between the in-camera hearing, during which he stated his objection and was overruled, and the officer's same testimony in front of the jury.

Counsel stated that the Court of Appeals ruled that the trial court erred in admitting this testimony, but ultimately held that the testimony was harmless error. He further stated that the Supreme Court overruled the Court of Appeals, in part, finding that the Court of Appeals should not have addressed this issue because it was not properly preserved for review. Counsel testified that, in hindsight and out of an abundance of caution, he probably would [have] restated his objection if he had it to do over again.

However, Counsel stated further even if he restated his objection and even if the trial judge sustained it, there were still a number of other problems with the Applicant's case to overcome. Counsel referred to the State's two witnesses who testified that they bought drugs from the Applicant that day which still allowed the jury to convict the Applicant on these charges, even without Graham's hearsay testimony.

This Court finds both the Applicant's testimony and trial counsel's testimony regarding counsel's objection to the hearsay testimony is credible. It is clear that trial counsel objected to the hearsay testimony during an in-camera hearing outside the presence of the jury, and the trial court overruled his objection. The same witness stayed on the witness stand, the jury came back in the courtroom, and the trial court continued with testimony from the same officer. Trial counsel did not restate his objection again on the record in the presence of the jury. Counsel stated his reasons for not renewing this objection and referred to other overwhelming evidence the State presented, but also stated that in hindsight he probably would have restated his objection out of an abundance of caution.

Without finding that counsel was deficient for failing to restate his objection to the hearsay testimony, this Court finds that the Applicant has failed to meet this burden of proving that he was prejudiced by counsel's failure to restate his objection to the hearsay testimony. Although the Supreme Court opinion held that the Court of Appeals should not have addressed this issue finding that it was not properly preserved for appellate review, the Court of Appeals nonetheless already reached the merits of this issue.

The Court of Appeals noted in its opinion that, during the in camera hearing, trial counsel objected on the basis of relevance and also argued the testimony violated the Applicant's constitutional rights under the Confrontation Clause, but the trial court overruled counsel's objection. The Court found that the trial court erred in allowing this testimony into evidence, but held that admitting this hearsay testimony was harmless error in light of other overwhelming evidence. This Court finds that the Applicant failed to meet his burden of proving that he was prejudiced by trial counsel's failure to restate his objection to the hearsay testimony. The Applicant failed to present any evidence proving that, but for counsel's failure to restate the objection, the results of his trial would have been different. Therefore, this allegation is denied.

(R. at 412-15.)

Petitioner is not entitled to federal habeas relief on this claim of ineffective assistance of counsel. Although trial counsel did not renew his objection to the testimony after the in camera hearing, counsel did object during the in camera hearing. Counsel's objection was

overruled. There is no reason to believe–and indeed, Petitioner does not appear to contend–that, had counsel restated his objection, the trial judge would have ruled differently upon the second objection.[4]

The heart of Petitioner's claim, then, is that trial counsel failed to preserve the issue for appellate review. The PCR court rejected this claim. (See R. at 412-15.) The Supreme Court of South Carolina did rule the issue was not preserved for appellate review. State v. Roach, 377 S.C. 2, 659 S.E.2d 107 (2008). As the PCR judge noted, however, despite the Supreme Court of South Carolina's ruling, "the Court of Appeals nonetheless already reached the merits" of Petitioner's claim that the testimony violated his constitutional rights. (See R. at 415.) The Court of Appeals "found that the trial court erred in allowing this testimony into evidence, but held that admitting this hearsay testimony was harmless error in light of other overwhelming evidence." (R. at 415.) The PCR court concluded that Petitioner failed to prove that he was prejudiced by trial counsel's failure to restate the objection, concluding that Petitioner "failed to present any evidence proving that, but for counsel's failure to restate the objection, the result of this trial would have been different." (Id.)

Petitioner is not entitled to federal habeas relief on this claim of ineffective assistance of counsel because he has not shown that the PCR court's rejection of this claim was contrary to, or involved an unreasonable application of, clearly established federal law, or that it resulted in an unreasonable determination of the facts. Although the opinion was ultimately vacated, the Court of Appeals addressed–and rejected–the merits of Petitioner's claim that the trial court erred in admitting the "hearsay" testimony. Given that an appellate

---

[4]At the PCR hearing, trial counsel stated, "And I have no reason to believe that anything happened in the interim between the in-camera hearing and the testimony before the jury that would have changed the Court's ruling." (R. at 380.)

court rejected the claim of this trial court error on the merits, Petitioner cannot establish that the PCR court's rejection of his claim that trial counsel was ineffective for failing to restate the objection meets the standard set forth in § 2254.

### B. Ground Two

In Ground Two, Petitioner contends that the trial court "failed to follow due process of law with respect to chain of custody, and drug analysis for the charge of distribution to Mattie Roseboro." (Dkt. No. 1.) Petitioner complains that he "was charged with what Ms. Roseboro state[d] she bought," but "[w]here is the evidence?" (Id.)

In the Motion for Summary Judgment, Respondent asserts that Ground Two is procedurally barred because it was not raised at trial or on direct appeal. (Dkt. No. 21 at 37.) Respondent notes that while Petitioner complains that he attempted ro raise this issue at his PCR hearing, and the PCR judge would not hear it, "[t]hat is because the PCR Court will not consider claims of trial court error under S.C. law." (Id.) Respondent also contends that he is entitled to summary judgments on the merits of Ground Two. (Id. at 70-73.)

The undersigned recommends granting summary judgment to Respondent on Ground Two because it is procedurally barred. The undersigned has reviewed Ms. Roseboro's testimony at trial, and the record contains no objection as to her testimony related to chain of custody or due process. (See R. at 153-69.) Nor does it appear that any such issue was raised on direct appeal. (See Dkt. No. 21-4; Dkt. No. 21-5.) The claim is therefore procedurally barred. See State v. Hoffman, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) (an issue which is not preserved cannot be raised for the first time on appeal); State v. Rice, 348 S.C. 417, 559 S.E.2d 360 (Ct. App. 2001); see also Crestwood Golf Club, Inc. v. Potter, 328 S.C. 201, 215, 493 S.E.2d 826, 834 (1997); Breard v. Greene, 523 U.S. 371, 375 (1988); see also Smith v. Murray, 477 U.S. 527, 533 (1986); Smith v. Secretary, Dep't of Corrs. 572 F.3d 1327, 1336-37 (11th Cir. 2009). While Petitioner complains that

17

he raised this issue at the PCR hearing, and the PCR court refused to hear it, Respondent is correct that such an issue is not an issue for post-conviction relief. See Drayton v. Evatt, 312 S.C. 4, 9, 430 S.E.2d 517, 520 (1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."); Simmons v. State, 264 S.C. 417, 423, 215 S.E.2d 883, 885 (1975) ("It is uniformly held that an application for post-conviction relief is not a substitute for appeal.").[5]

Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008).[6] Petitioner has not demonstrated cause and actual prejudice, nor has he demonstrated that failure to consider the claim will result in a fundamental miscarriage of justice. The undersigned therefore recommends granting summary judgment to Respondent on Ground Two.

## C.     Ground Three

In Ground Three, Petitioner alleges the "trial court erred by failing to suppress evidence of a search warrant that was issued from an invalid affidavit." (Dkt. No. 1.) Petitioner contends the affidavit "contained blatant allegations," and "the Honorable Magistrate who issued the search warrant testified that if the affiant had not sworn to the

---

[5] Furthermore, alleged defects in state PCR proceedings are not cognizable in a federal habeas action. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988) (holding that errors in state PCR proceedings are not cognizable on federal habeas review); see also 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

[6] In the alternative for showing cause and prejudice, a petitioner must demonstrate a miscarriage of justice, e.g., actual innocence. Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner has not shown that he is actually innocent of the at-issue crimes. Schlup v. Delo, 513 U.S. 298, 327 (1995).

spoken words typed in the body of the affidavit[,] he would not have issued the search warrant." (Id.)

In the Motion for Summary Judgment, Respondent contends that this ground "is barred by the doctrine of <u>Stone v. Powell</u>, 428 U.S. 465 (1976)." (Dkt. No. 21 at 38.) The undersigned agrees with Respondent. The Supreme Court has held "that where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." <u>Stone v. Powell</u>, 428 U.S. 465 (1976). In the instant case, trial counsel challenged the search warrant and contended, *inter alia*, that probable cause was lacking. (<u>See</u> R. at 28-30.) The court required a hearing, (R. at 33), and a police officer as well as the magistrate who signed the search warrant testified at that hearing. (R. at 33-48.) Trial counsel argued that "use of the phraseology undercover operative" in the affidavit erroneously "alleviate[d] any showing of reliability." (R. at 49.) He also argued that the affidavit failed to make a connection between either the Petitioner or "Mike" and the home to be searched. (R. at 53.) The court denied the motion to suppress. (R. at 55-56.)

A review of the record reveals that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim; the claim was raised in the trial court and raised by Petitioner on appeal in his *pro se* response to the <u>Anders</u> brief. (<u>See</u> R. at 28-56; <u>see also</u> Dkt. No. 21-5.) Accordingly, this claim is barred from federal habeas review. <u>See Stone</u>, 428 U.S. 465; <u>see also Grimsley v. Dodson</u>, 696 F.2d 303, 304 (4th Cir.1982) (finding <u>Stone v. Powell</u> applicable when petitioner "had an opportunity to litigate the introduction of the evidence at his probation revocation hearing" because "he vigorously sought its suppression," the trial court ruled against him, and the trial court's ruling was affirmed on appeal); <u>Bailey v. Bazzle</u>, 628 F. Supp. 2d 651, 657 (D.S.C. 2008).

19

**D. Ground Four**

In Ground Four, Petitioner contends that "police officers violate[d his F]ourth [A]mendment rights while conducting a search[,] and [Petitioner] was . . . entitled to 'Entrapment' for the violation" of his rights. (Dkt. No. 1.) From a reading of the "Supporting Facts" section of Ground Four, it appears that Petitioner contends (a) the trial court erred in failing to instruct the jury on entrapment, and/or (b) trial counsel was ineffective in failing to raise the issue of entrapment. (Id.)

Respondent contends he is entitled to summary judgment on this ground because it is procedurally barred and also barred by Stone, 428 U.S. 465. (Dkt. No. 21 at 39-40.) Respondent further asserts that Petitioner did not establish an evidentiary basis for this claim in the state court proceedings and that "admission of this evidence was harmless given the other overwhelming evidence of Petitioner's guilt." (Dkt. No. 21 at 40-41.) Finally, Respondent contends that "Petitioner's defense does not even meet the elements of entrapment under [South Carolina] law." (Dkt. No. 21 at 41, 75-80.)

Respondent is entitled to summary judgment on Ground Four. To the extent Petitioner contends the trial court erred in failing to give an entrapment defense, Petitioner's claim fails. The undersigned has reviewed the trial transcript, and counsel did not request an entrapment instruction, object to the trial court's failure to instruct the jury on the law of entrapment, or argue in a motion for a new trial that such an instruction should have been included. And, although the issue was not raised on direct appeal, the issue was not preserved for appellate review in any event. See State v. Hoffman, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) (an issue which is not preserved cannot be raised for the first time on appeal). Nor is this issue of trial court error an issue for the PCR court. See Drayton v. Evatt, 312 S.C. 4, 9, 430 S.E.2d 517, 520 (1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent

20

a claim of ineffective assistance of counsel."); <u>Simmons v. State</u>, 264 S.C. 417, 423, 215 S.E.2d 883, 885 (1975) ("It is uniformly held that an application for post-conviction relief is not a substitute for appeal."). This claim of trial court error is therefore procedurally barred. <u>See Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>see also Wainwright v. Sykes</u>, 433 U.S. 72, 86-87 (1977).

To the extent Petitioner claims herein that trial counsel was ineffective for failing to request a jury charge on entrapment, the undersigned recommends granting summary judgment to Respondent. This issue was raised to, and ruled upon by, the PCR court. (<u>See</u> R. at 417-19.) The PCR court noted that Petitioner "testified that trial counsel never discussed with him entrapment as a possible defense and never brought up entrapment at trial," and summarized trial counsel's testimony as follows:

> Trial counsel testified that the defense of entrapment did not apply to the Applicant's case. He testified that the defense of entrapment is difficult to maintain in South Carolina, and that the elements necessary to establish entrapment were not present in the Applicant's case. Counsel explained that, in order to establish entrapment, he would have to prove the Applicant had no disposition to commit the crime but for a push from police officers, but the Applicant already had two or three prior drug convictions.
> Counsel also testified that an entrapment defense was inconsistent with their defense and trial strategy, because the Applicant maintained his innocence and denied being involved in any drug activity. Counsel explained that, in order to establish an entrapment defense, the Applicant would have had to admit to committing the offenses, but that he would not have done so had it not been for a push from law enforcement. He stated that he did not discuss an entrapment with the Applicant because it was simply was not a viable defense given the Applicant's prior record and was inconsistent and inapplicable to the Applicant's case given that he always maintained his innocence.

(R. at 417-18.) In rejecting this claim of ineffective assistance of counsel, the PCR court stated,

> This Court finds the Applicant's testimony that trial counsel was ineffective for failing to prepare and present an entrapment defense is not credible, while also finding trial counsel's testimony is credible. The defense of entrapment is an affirmative defense that is not available to a defendant who is predisposed to commit a crime independent of governmental

21

inducement and influence. <u>State v. Gaines</u>, 380 S.C. 23, 667 S.E.2d 728 (2008). Thus, the entrapment defense consists of two elements: (1) government inducement, and (2) lack of predisposition. <u>Id</u>. The fact that a governmental official merely affords opportunities or facilities for the commission of the offense does not constitute entrapment. <u>Id</u>.; <u>State v. Johnson</u>, 295 S.C. 215, 367 S.E.2d 700 (1988).

 Here, trial counsel articulated valid strategic reasons for not discussing an entrapment defense with the Applicant and for not pursuing that defense at trial. Because the Applicant denied his involvement in the drug incident, trial counsel had no reason to pursue an entrapment defense, and, thus, was not ineffective for failing to present and prepare an entrapment defense. Therefore, this allegation is denied.

(R. at 418-19.)

 The PCR court's rejection of this ineffective assistance claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was the PCR court's decision based on an unreasonable determination of the facts. Here, trial counsel's strategy was that "somebody may have gone to that house that day and bought a rock of crack but they didn't buy it off" Petitioner. (R. at 372.) At the PCR hearing, trial counsel testified as follows concerning his failure to raise entrapment as a defense:

 Also given the fact that we were denying distributing drugs in the first place, those two defenses would seem to butt heads. I don't know on the one hand you can say we didn't do it but on the other hand saying, well, the police forced us to sell drugs . . . .

(R. at 384.) A review of the transcript reveals that trial counsel vigorously pursued the theory that Petitioner did not commit the crimes of which he was charged. On cross-examination of the informant, trial counsel got the informant to admit that Petitioner was not the individual who let the informant inside the house, and that the informant had previously purchased drugs from someone other than Petitioner at that address. (R. at 147, 152.) Trial counsel attempted to discredit Ms. Roseboro. (R. at 158-60, 369-70.) Officer Parrish testified on cross-examination that she did not see Petitioner put the drugs in the sink. (R. at 186-187.) Through cross-examination of the chemist, trial counsel was able to show that the amount of crack found at the house was a very small amount. (R. at 233-35.)

The PCR court concluded that trial counsel "articulated valid strategic reasons for not discussing an entrapment defense with the [Petitioner] and for not pursuing that defense at trial." (R. at 418.) As noted in Strickland, ""strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690; see also Darden v. Wainwright, 477 U.S. 168, 169 (1986) (counsel cannot be judged ineffective for performing in a particular way in a case, as long as the approach "might be considered sound trial strategy"); Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991) ("[Counsel's] tactics were reasonable. [The petitioner's] recasting of the pros and cons of trial counsel's decision amounts to Monday morning quarterbacking."). Accordingly, Petitioner is not entitled to habeas relief on this claim of ineffective assistance of counsel. See, e.g., DeCastro v. Branker, 642 F.3d 442, 450-51 (4th Cir. 2011) (rejecting claim that "counsel's attempt to suggest that [the petitioner] was not present at the crime scene, instead of conceding [p]etitioner's presence and arguing that he played a lesser role, was ineffective").

**E.    Ground Five**

In Ground Five, Petitioner contends the trial court "erred in admitting the informant's in-court identification" of Petitioner "following a photographic line-up consisting of only one photograph, coupled with the court's refusal to determine the reliability of the photographic identification." (Dkt. No. 1.) In the "Supporting Facts" section of this claim, Petitioner also contends that a Brady violation occurred because "the police never entered the photograph into evidence." (Id.)

To the extent Petitioner contends a Brady violation occurred because the prosecution never entered the at-issue photograph into evidence, such a claim must be rejected. Although the identification issue was presented to the state courts, it does not appear that Petitioner has specifically raised a Brady issue. Regardless, the issue

23

presented by Petitioner is simply not a <u>Brady</u> violation. In <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment . . . ." <u>Brady</u>, 373 U.S. at 87. To show a <u>Brady</u> violation, the Petitioner must show: (1) the evidence was favorable to the accused; (2) the evidence was suppressed by the State, either willfully or inadvertently; and (3) prejudice ensued. <u>See</u> <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999). The instant case does not implicate <u>Brady</u> because the at-issue photograph was not suppressed. Trial counsel moved to suppress the identification, stating,

> I would move to suppress any in court identification of the Defendant based on an orally suggestive identification procedure used at the time of the purchase. When they spoke to the undercover operative and asked him who he made the buy from he was shown one photograph . . . .

(R. at 57.) The one-photo identification procedure was the basis of counsel's motion to suppress. (<u>See</u> R. at 63-65.) On the instant record, any <u>Brady</u> claim fails. <u>See Fullwood v. Lee</u>, 290 F.3d 663, 686 (4th Cir. 2002) ("[T]he State did not suppress the information that came out during Fullwood's conversation with Detective Robertson because Fullwood, better than anyone, knew about his cocaine use on the night prior to the stabbing and knew that he had recounted this fact to Detective Robertson.")

To the extent Petitioner contends the trial court erred in admitting the informant's in-court identification, Petitioner does not meet the standard for relief set forth in § 2254. In <u>Neil v. Biggers</u>, 409 U.S. 188 (1970), the Supreme Court held that the Due Process Clause requires the exclusion at trial of evidence of a pre-trial identification of a person if, based on the totality of the circumstances, the procedure used to obtain the identification was both (1) unnecessarily suggestive and (2) conducive to mistaken identification. <u>Neil</u>, 409 U.S. at 199-201. The Court further held that in determining the reliability of an identification, a court is to consider the following factors: (1) the opportunity of the witness to view the criminal at

24

the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and confrontation. Id. The mere fact that there was a show-up identification does not mean that habeas relief is warranted; instead, the "central question[ is] whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." Id. at 198-99.

At trial, the judge denied Petitioner's motion to suppress, finding there was not a substantial risk of misidentification. (R. at 64.) The judge stated,

> The witness testified that he viewed this person, perhaps, he didn't know his name, maybe the photograph connected the name, and I don't find any problem with that. But he certainly has the ability based on his previous purchases and contact with Mr. Roach or the person he identified as Mr. Roach and the person he identified as the person from whom he purchased. I'll certainly charge the jury that they are to take into consideration whatever factors they need to in regard to determining whether or not that is a reliable, that's not what the court is deciding, I'm not deciding whether it's reliable, I'm deciding whether it's admissible.

(R. at 64-65.) The South Carolina Court of Appeals found no error:

> Roach argues the trial judge's ruling should be reversed because the judge explicitly refused to evaluate the reliability of the identification. We disagree. As is clear from the trial judge's ruling . . . , he considered the reliability of the identification and found there was no substantial risk for misidentification. Although he went on to say, "I'm not deciding whether it's reliable, I'm deciding whether it's admissible," this statement must be taken in context. This statement was made as the trial judge explained how he wold charge the jury. Ultimately, it was the jury's responsibility, as the sole arbiter of the facts, to determine whether the in court identification was credible. Thus, the trial judge was merely explaining that despite the identification's admissibility, it would be in the jury's hands to determine whether to rely on the identification when determining Roach's guilt. We thus find no error.

(Dkt. No. 21-9 at 7 of 8.) Petitioner has not shown that the state court's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law, or that the state court's decision was based on an unreasonable determination of the facts.

25

See United States v. Pickett, 174 Fed. App'x 731, 732 (4th Cir. 2006) (finding identification sufficiently reliable where one of the witnesses "had known [the defendant] for several months"); see also Green v. Padula, Civ. A. No. 6:08-1278-MBS-WMC, 2009 WL 692923, at *10 (D.S.C. Mar. 12, 2009). The undersigned recommends granting summary judgment to Respondent on Ground Five.

## F.    Ground Six

In Ground Six, Petitioner alleges that he "was denied a fair hearing in South Carolina by perjurous ruling in Court and by appellant attorneys's conflict of interest." (See Dkt. No. 1.) Within this ground, Petitioner constructed a chart that appears to compare statements in the PCR court's order of dismissal with testimony at the PCR hearing. (See Dkt. No. 1-1 at 14-15 of 60.)

Although Petitioner's argument in Ground Six is less than clear, it is clear he is entitled to no relief on this ground. Habeas relief pursuant to § 2254 is available "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ is not available for alleged errors in state PCR proceedings. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (holding "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); see also Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998). The undersigned therefore recommends granting summary judgment to Respondent on Ground Six.

## G.    Ground Seven

In his Motion for Summary Judgment, Respondent addressed a Ground Seven, even though it was not labeled as such. Out of an abundance of caution, the undersigned addresses this claim for relief herein.

Petitioner complains that his "appellant attorney wouldn't answer [his] questions about the 4th Amendment issue involving search warrant violations with police 'sting operations.'" (Dkt. No. 1-1 at 16 of 60.) Petitioner states, "I filed a motion sighting [sic] conflict of interest against my appellate attorney and my motion was granted. The Court agreed that some of my issues would be in conflict with my attorneys because they were against his (appellate) office handling of some issues." (Id.)

To the extent Petitioner argues herein that he was denied effective assistance of appellate counsel due to a conflict of interest, it does not appear such a conflict of interest claim was raised to the state courts; it is, therefore, procedurally barred.[7] Petitioner did assert in state court that appellate counsel was ineffective for failing to challenge the denial of the motion to suppress on appeal. In addressing this claim, the PCR court acknowledged that Petitioner testified "appellate counsel ignored all of the issues he thought should have been raised," but on cross-examination, he "acknowledged that the Court of Appeals had both appellate counsel's brief raising two issues, and his *pro se* response brief raising four issues." (R. at 421.) The PCR court also noted that Petitioner "conceded that the Court of Appeals ordered appellate counsel to brief two issues, one of which the Court chose from the Applicant's *pro se* appellate brief." (Id.) In rejecting his ineffective assistance of appellate counsel claim, the PCR court stated,

> This Court finds the Applicant's testimony that he received ineffective assistance of appellate counsel is not credible. A defendant is constitutionally entitled to effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). "However, appellate counsel is not required to raise every non-frivolous issue presented by the record." Thrift v. State, 302 S.C. 535, 539, 397 S.E.2d 523 (1990). Appellate counsel has a professional duty to choose among potential issues according to their merit. Jones v. Barnes, 463 U.S. 745 (1983). Where the strategic decision to

---

[7] Furthermore, the undersigned is unable to locate any evidence in the record that appellate counsel actually labored under a conflict of interest. See Cuyler v. Sullivan, 466 U.S. 335, 350 (1980) (to establish the first prong of Strickland for a conflict of interest claim, a petitioner must demonstrate (1) that an actual conflict existed and (2) that it adversely affected counsel's performance).

exclude certain issues on appeal is based on reasonable professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985).

To establish ineffective assistance of appellate counsel, the Applicant must show that appellate counsel's performance was deficient and that he was prejudiced by the deficiency. Thrift, at 537; Gilchrist v. State, 364 S.C. 173, 612 S.E.2d 702 (2005); Anderson v. State, 354 S.C. 431, 581 S.E.2d 834 (2003). When a claim of ineffective assistance of counsel is based upon failure to raise viable issues, the court must examine the record to determine "whether appellate counsel failed to present significant and obvious issues on appeal." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986). Generally, the presumption of effective assistance will be overcome only when the alleged ignored issues are clearly stronger than those actually raised on appeal. Id.

Here, appellate counsel filed an Anders brief. In Anders v. California, the United States Supreme Court announced the procedure an appointed attorney should follow if that attorney believes the client's appeal is frivolous and without merit. 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967). Under Anders, the defendant must be given time to respond and to raise any additional points after his attorney submits the Anders brief. Id. The court then is obligated to conduct a "full examination" of the record to determine whether the appeal is "wholly frivolous." Id. According to Anders, if the reviewing court finds the appeal frivolous, "it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires." Id. at 744, 87 S. Ct. at 1400, 18 L.Ed.2d at 498.

The Applicant's appellate counsel raised two issues in her Anders brief. The Applicant filed a *pro se* response brief raising four issues he wanted the Court to consider. The Court of Appeals identified two issues in the appeal with any arguable merit; one issue appeared in appellate counsel's Anders brief, and the other issue appeared in the Applicant's *pro se* response. Significantly, the Applicant raised the issue he alleges appellate counsel failed to raise, whether the trial court erred in denying counsel's motion to suppress the drugs found pursuant to a defective search warrant, in his *pro se* response to appellate counsel's Anders brief. However, after a full examination of the record pursuant to Anders the Court of Appeals did not order briefing on the issue, and thereby determined that issue did not have any arguable merit.

Therefore, this Court finds that appellate counsel's failure to appeal the trial court's denial of counsel's motion to suppress was not ineffective assistance of appellate counsel. Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985). The issue was not a viable meritorious issue; thus, appellate counsel was not ineffective for failing to raise it. Accordingly, the Applicant failed to prove appellate counsel's representation was deficient or that he was prejudiced by any alleged deficient performance. Therefore, this allegation is denied.

(R. at 421-23.)

Petitioner is not entitled to habeas relief on his claim of ineffective assistance of appellate counsel. Although appellate counsel did not raise the issue in the Anders brief, Petitioner did raise the issue in his *pro se* response to the Anders brief. (See Dkt. No. 21-5.) The PCR court found, *inter alia*, that Petitioner suffered no prejudice as a result of appellate counsel's failure to raise the issue because the entire record was reviewed pursuant to Anders, and although the court ordered briefing on two issues (one of which Petitioner raised in his *pro se* response), the ineffective assistance of appellate counsel claim was not one of those claims. (See R. at 423.) In Richardson v. South Carolina, No. 3:09-1107-MBS, 2010 WL 1346420 (D.S.C. Mar. 31, 2010), Judge Seymour addressed a similar issue:

> It is true that Petitioner's appellate counsel failed to raise this issue in her *Anders* brief. However, Petitioner has failed to show that he was prejudiced by his appellate counsel's failure to do so. The South Carolina Court of Appeals was obligated under *Anders* to conduct a full review of the record on its own to determine whether there were any meritorious issues on appeal. See Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Moreover, Petitioner raised this very issue in his pro se brief on direct appeal, and his pro se brief was part of the record that the South Carolina Court of Appeals considered when it denied Petitioner's appeal on the merits.

Richardson, 2010 WL 1346420, at *13. Petitioner has not shown that the PCR court's rejection of his claim of ineffective assistance of appellate counsel was contrary to, or an unreasonable application of, clearly established federal law. Nor has Petitioner shown the PCR court's decision was based on an unreasonable determination of the facts. The undersigned therefore recommends granting summary judgment to Respondent on the claim of ineffective assistance of appellate counsel.

## II. Petitioner's Motion for Summary Judgment

As noted above, on or about August 22, 2013, Petitioner filed a document entitled "Petitioner's objections to Respondent's Return and Memorandum of Law and Petitioner's Motion for Summary Judgment." (See Dkt. No. 29.) Much of that document appears to be

a reiteration of the claims raised at various points during his appeal and PCR proceedings. (See generally Dkt. No. 29; Dkt. No. 29-1.) In this filing, he argues, *inter alia*, that the trial court "lacked subject matter jurisdiction to enter a conviction or impose a sentence for 'distribution of crack cocaine' in connection with Mattie Roseboro because of a material variance between the allegations in the indictment and the proof produced at trial." (Dkt. No. 29 at 3 of 5.) However, any allegation that the trial court lacked subject matter jurisdiction is not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); see also Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (holding jurisdiction is a matter of state law); Von Longmore v. South Carolina, No. C.A. 9:05-CV-2112-MBS, 2006 WL 2827416, at *6 (D.S.C. Sept. 27, 2006) ("Petitioner is not entitled to federal habeas relief because the subject matter jurisdiction of a state trial court is a state law issue.").

For the reasons set forth above, Petitioner is not entitled to habeas relief. The undersigned therefore recommends denying Petitioner's Motion for Summary Judgment (Dkt. No. 29).

## CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Petitioner's Motion for Summary Judgment (Dkt. No. 29) be DENIED. It is further RECOMMENDED that Respondent's Motion for Summary Judgment (Dkt. No. 20) be GRANTED; that the Petitioner's habeas petition be DISMISSED WITH PREJUDICE; and that a certificate of appealability be denied.[8]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 27, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[8]A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).