**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| KENNETH JEROME ROACH, ) | |
| ) | No. 2:13-cv-00443-DCN |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| WARDEN OF KERSHAW ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Bruce Howe Hendricks' report and recommendation ("R&R"). The magistrate judge recommends that the court deny petitioner Kenneth Jerome Roach's ("Roach") petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated below, the court adopts the R&R, denies the petition, and grants respondent's motion for summary judgment.

## I. BACKGROUND

In January 2002, Roach was indicted in York County on charges of possession of crack cocaine with intent to distribute, possession of crack cocaine with intent to distribute within proximity of a school, distribution of crack cocaine within proximity of a school, and distribution of crack cocaine. In March 2002, the York County grand jury returned an additional indictment on a second count of distribution of crack cocaine.

Roach's charges arose from events that occurred on May 17, 2001, when police involved in a narcotics investigation went to Roach's home to execute a search warrant. Before the police executed the search warrant, a confidential informant working with police conducted a controlled buy, that is, he purchased drugs directly from Roach while

1

under police surveillance. After the controlled buy was complete, police approached Roach's door to execute the search warrant. They found the door barricaded. Upon entering the home, the police observed Roach run to the bathroom and flush the toilet. When they followed Roach to the bathroom, officers recovered, from the bathroom sink, a small plastic bag containing crack cocaine. In all, police recovered less than a gram of crack cocaine from Roach's home.

While police were executing the search warrant, at least five people approached the home to purchase crack from Roach. Undercover officers sold imitation crack to at least two of these people.

Police also arrested a woman named Mattie Roseboro as she was driving away from Roach's home. During her arrest, Roseboro admitted to purchasing crack from Roach and to smoking some of the crack at Roach's house. She also admitted to helping Roach cut up crack that day. At the time of her arrest, Roseboro admitted that the white residue on her hands was crack.

Roach's jury trial was held on April 16 and 17, 2002. At trial, he was represented by attorney Derek S. Chiarenza. The jury convicted Roach as charged on April 17, 2002. The Hon. John C. Hayes III sentenced Roach to thirty years for possession of crack cocaine with intent to distribute, fifteen years for possession of crack cocaine with intent to distribute within proximity of a school, fifteen years for distribution of crack cocaine within proximity of a school, and thirty years for both counts of distribution of crack cocaine, with all sentences running concurrently.

### A. Direct Appeal

Roach timely filed a direct appeal. In an <u>Anders</u>[1] brief filed on January 12, 2004, Roach's appellate counsel, Daniel T. Stacey, raised the following claims:

1. Whether the court erred in its charge on circumstantial evidence?

2. Whether the court erred when it permitted evidence that third parties were coming to appellant's home to purchase crack?

ECF No. 21-4 at 4. Stacey simultaneously filed a petition to be relieved as counsel. On February 2, 2004, Roach filed a <u>pro se</u> appellate brief, raising four additional issues. On April 24, 2004, the South Carolina Court of Appeals ordered briefing on two issues:

1) Whether the trial court erred in admitting evidence, in violation of the Confrontation Clause, regarding third parties going to Appellant's home purportedly to purchase drugs while a search warrant was being executed; and

2) Whether the trial court erred in admitting the informant's in-court identification of Appellant following a photographic lineup consisting of only one photograph, coupled with the court's refusal to determine the reliability of the photographic identification.

ECF No. 21-6 at 2. In a published opinion filed on April 18, 2005, the court affirmed Roach's convictions and sentence. The court held that the trial judge erred by admitting a police officer's testimony that he had observed several people go to Roach's home to purchase crack cocaine, but that admission of this inadmissible hearsay testimony was harmless error. <u>State v. Roach</u>, 613 S.E.2d 791, 793-94 (S.C. Ct. App. 2005).

Both Roach and the state filed petitions for certiorari. In an order dated March 10, 2008, the Supreme Court affirmed in part and vacated in part the Court of Appeals' opinion. <u>State v. Roach</u>, 659 S.E.2d 107, 107 (S.C. 2008). Specifically, the Supreme

---

[1] Under <u>Anders v. California</u>, 386 U.S. 739 (1967), a court-appointed attorney who moves to withdraw from the appeal of a criminal case on the grounds that the appeal is frivolous must also file a brief that outlines the case and any potential grounds for appeal.

Court affirmed Roach's convictions and vacated the Court of Appeals' findings regarding the police officer's alleged hearsay. Id. The Supreme Court explained that the Court of Appeals should not have reached the hearsay issue because it had not been properly preserved for appellate review. Id.

### B. PCR Application

On or about February 18, 2009, Roach filed a pro se application for post-conviction relief ("PCR") alleging ineffective assistance of trial counsel. Attorney Leah Moody represented Roach at a PCR hearing held before the Hon. Brooks P. Goldsmith on February 5, 2010. On March 24, 2010, the PCR court denied Roach's application and dismissed it with prejudice.

On November 1, 2010, Roach, through attorney Robert M. Pachak of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari on Roach's behalf. In addition to requesting that Pachak be relieved as counsel, this petition sought review of a single issue: "Whether defense counsel was ineffective in failing to object to Officer Graham's hearsay testimony at petitioner's trial?" ECF No. 21-21 at 3. Roach also filed a pro se brief raising five issues relating to defense counsel's alleged ineffective assistance. ECF No. 21-23.

The South Carolina Court of Appeals denied the petition for writ of certiorari on January 25, 2013.

### C. Federal Habeas Petition

On February 19, 2013, Roach filed the instant habeas petition. The petition asserts six grounds for relief, which are repeated here verbatim.

**Ground One**:     State v. Roach, 364 S.C. 472, 613 S.E.2d 791 (2006) How can hearsay testimony be harmless when it was used to

|                  |                                                                                                                                                                                                                                                                                                                                                                                                                 |
|------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                  | enhance a drug charge (Trial Transcript p. 219 line 9-18 and p. 250 line 13-16) and also the hearsay was prejudicial by nature and affected other charges being heard.                                                                                                                                                                                                                                          |
| **Ground Two**:  | The Court failed to follow due process of law with respect to Chain of Custody, and Drug Analysis for the charge of Distribution to Mattie Roseboro.                                                                                                                                                                                                                                                            |
| **Ground Three**:| Whether trial court erred by failing to suppress the evidence of a search warrant that was issued from an invalid affidavit that contained blatant allegations, when the Honorable Magistrate who issued the search warrant testified that if the affiant had not sworn to the spoken words typed in the body of the affidavit he would not have issued the search warrant?                                     |
| **Ground Four**: | Did police officers violate my fourth amendment rights while conducting a search and was I entitled to "Entrapment," for the violation.                                                                                                                                                                                                                                                                          |
| **Ground Five**: | State v. Roach 613 S.E.2d 791 (op. No. 3978) SC Ct. App. Filed April 18, 2005. The Trial court erred in admitting the informants in-court identification of Appellant following a photographic line-up consisting of only one photograph, coupled with the court's refusal to determine the reliability of the photographic identification.                                                                    |
| **Ground Six**:  | I was denied a fair hearing in South Carolina by perjurious ruling in Court and by appellant attorneys's conflict of interest (refuse to file any issue against the police or court like a 59(e) motion.                                                                                                                                                                                                        |

2254 Pet. Ex. 1 at 2-14.

On June 13, 2013, respondent filed a voluminous motion for summary judgment.[2] After having been granted an extension of time by the magistrate judge, Roach filed a response in opposition on August 28, 2013. On January 27, 2014, the magistrate judge issued the R&R. The magistrate judge discussed all of the grounds raised in Roach's

---

[2] Respondent's memorandum in support of his motion for summary judgment stretches for 100 pages. The court urges counsel for respondent to abide by this court's Local Rule 7.05(B), which states: "Unless an exception is granted by the Court, no memorandum shall exceed 35 double-spaced pages, in the case of an initial brief of any party . . . ."

habeas petition, as well as a seventh ground identified in his motion for summary judgment – that his appellate attorney provided ineffective assistance with respect to the alleged defects in the search warrant. The magistrate judge determined that all of the grounds alleged in Roach's habeas petition were meritless, procedurally defaulted, or otherwise barred. Ultimately, the magistrate judge recommended that the court deny Roach's petition and grant respondent's motion for summary judgment. Roach filed objections to the R&R on March 17, 2014, and the matter is now ripe for the court's review.

## II.   STANDARD OF REVIEW

Petitioner appears pro se in this case. Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that the court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. 636(b)(1). The court may adopt the portions of the R&R to which the petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of

the magistrate judge carries no presumptive weight, and it is this court's responsibility to make a final determination. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides relief to a person in custody pursuant to the judgment of a state court if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes a one-year statute of limitations period that begins to run on the date a petitioner's conviction becomes final. Id. § 2244(d)(1); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Further, the statute requires a petitioner to exhaust available remedies in state court before the federal court may consider a claim. Id. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Under South Carolina law, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim. See S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; Blakeley v. Rabon, 221 S.E.2d 767, 770 (S.C. 1976).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where a party "fails to make a showing sufficient to establish the existence of an element essential to his case," Rule 56(a) mandates entry of summary judgment against that party. Celotex v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence is viewed in the light most

7

favorable to the non-moving party with all justifiable inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III.   DISCUSSION

While Roach's objections are somewhat difficult to parse, it appears that he has not objected to the magistrate judge's findings with respect to his sixth and seventh grounds for habeas relief.  The court has reviewed the magistrate judge's findings and agrees that Roach is not entitled to relief on these grounds.  As a result, the court adopts these portions of the R&R without further comment.

What remains to be considered are Roach's objections regarding his first five grounds for relief.  These objections are, primarily, a restatement of Roach's first five claims for habeas relief.  Though the magistrate judge exhaustively and accurately discussed these claims, the court nevertheless considers Roach's objections in turn.

**A.  Ground One**

Ground One of Roach's habeas petition relates to a finding made by the South Carolina Court of Appeals.  On direct appeal, the appellate court found that the trial court allowed impermissible hearsay when it allowed a police officer to testify that a number of people came to Roach's house to purchase crack cocaine on the day that Roach was arrested.  The appellate court also found that this error was harmless in light of the overwhelming evidence of Roach's guilt.  The South Carolina Supreme Court later vacated the appeals court's harmless error finding, holding that the issue had not been properly preserved.  In the objections currently before the court, Roach continues to argue, at length, that the police officer's testimony should not have been admitted at his trial.

> As the Fourth Circuit has explained,
>
> > Under the procedural default doctrine, federal habeas review of federal claims defaulted by prisoners in state court "pursuant to an independent and adequate state procedural rule . . . is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.

Richmond v. Polk, 375 F.3d 309, 322 (4th Cir. 2004) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). In addition, a petitioner's procedural default of a claim will be excused if the petitioner can show "a fundamental miscarriage of justice resulting from[] failure to comply with the applicable rule." Bostick v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009).

In 2008, the South Carolina Supreme Court ruled that Roach had not properly preserved this argument for appellate review. As a result, Ground One has been procedurally defaulted. Even if the court were to assume that Roach had demonstrated cause for his procedural default, which he has not, Roach has not established that he suffered actual prejudice from the admission of the trial testimony in question. Nor has he shown a fundamental miscarriage of justice. At trial, the state presented ample evidence of Roach's guilt, including the confidential informant's testimony that he bought crack from Roach, Mattie Roseboro's testimony that she bought crack from Roach and helped him cut crack, and the crack recovered from Roach's home.

For the same reason, Roach's objection fails to the extent that it could be construed as an argument that trial counsel, appellate counsel, or PCR counsel provided ineffective assistance. Under Strickland v. Washington, 466 U.S. 668, 687, 694 (1984), a petitioner seeking to make a successful claim of ineffective assistance of counsel must show that counsel's performance fell below an objective standard of reasonableness

under prevailing professional norms, and that this deficiency prejudiced the defense. Even if trial counsel erred by failing to object to the testimony of Officers Graham and Bryant, and appellate counsel and PCR counsel erred by failing to properly raise the issue, Roach has not demonstrated that these deficiencies prejudiced his defense.

In light of the overwhelming evidence against Roach, the court cannot find either that Roach received ineffective assistance or that his procedural default can be excused.

**B. Ground Two**

Ground Two of Roach's habeas petition alleges errors in the chain of custody for and analysis of the drug residue found on the hands of Mattie Roseboro, the witness who was arrested with crack residue on her hands after leaving Roach's home. In his objections, Roach reiterates his assertion that Ground Two is a viable habeas claim.

As the magistrate judge explained, the substance of this argument was not raised during trial or on direct appeal. Roach has not demonstrated cause and actual prejudice, or that the court's failure to consider the claim will result in a fundamental miscarriage of justice. As a result, Ground Two is procedurally barred.

**C. Ground Three**

In Ground Three of his habeas petition, Roach alleges that the trial court erred by failing to suppress evidence obtained from what Roach claims was a defective search warrant. Roach's trial counsel moved to suppress this evidence, but the motion to suppress was denied. Roach's objections restate the many reasons why he believes that the trial judge erred by denying his motion to suppress.

The magistrate judge is correct that Supreme Court precedent forecloses this habeas claim. In Stone v. Powell, 428 U.S. 465, 494 (1976), the United States Supreme

10

Court announced that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Accord Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982) ("Stone v. Powell, supra, marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in state court.").

At trial, Roach's attorney vigorously sought suppression of evidence from the allegedly defective search warrant at issue. The trial court denied Roach's motion to suppress, and Roach raised the issue in his pro se Anders brief. Because the matter was fully and fairly litigated, federal habeas review is not available for this claim.

### D. Grounds Four and Five

Roach's objections combine discussion of his fourth and fifth habeas claims. In Ground Four of his habeas petition, Roach appears to argue that the trial court erred by failing to instruct the jury on entrapment and/or that his trial counsel provided ineffective assistance by failing to raise the issue of entrapment. In Ground Five, Roach objects that the trial court erred by admitting a confidential informant's in-court identification of Roach when the informant had previously identified Roach from a one-photograph photo array. In the R&R, the magistrate judge deftly explained why Grounds Four and Five are unavailing. In his current discussion of these two grounds, Roach objects that a number of police officers engaged in a conspiracy to entrap him. Roach also asserts that the trial judge, the appeals court, and Roach's own appellate counsel "joined in the cover-up/conspiracy to deprive the Petitioner of his constitutional rights." Pl.'s Objections 22.

Roach's assertions to the contrary, the record does not show that law enforcement, state prosecutors, the state courts, or Roach's own counsel engaged in a conspiracy to deprive Roach of his liberty. On the contrary, Roach was convicted by a jury of his peers after a full and fair trial. His failure to obtain judicial relief on either direct appeal or post-conviction review speaks to the weakness of his claims for relief, not to the breadth and depth of the massive conspiracy whose specter he conjures.

In short, all of Roach's objections are overruled. Summary judgment in favor of respondent is appropriate.

### IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, ECF No. 32, **DENIES** the petition for writ of habeas corpus, and **GRANTS** respondent's motion for summary judgment, ECF No. 20. The court also **DENIES** petitioner's motion for summary judgment, ECF No. 29.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

_____

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 20, 2014**
**Charleston, South Carolina**